## FANCHER v. BRADLEY.

(Supreme Court, Appellate Term.   June 30, 1908.)

FRAUDS, STATUTE OF—SALE OF GOODS—ORAL CONTRACT.

Under Personal Property Law, Laws 1897, p. 510, c. 417, § 21, no recovery can be had on an oral agreement to purchase $104 worth of goods, where no portion of the purchase price was paid and not any of the goods delivered, where the statute is pleaded in defense.

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by Harry S. Fancher against Frank Bradley.   Judgment for plaintiff, and defendant appeals.   Reversed.

Argued before GILDERSLEEVE, P. J., and MacLEAN, and SEABURY, JJ.

James A. & Richard T. Lynch, for appellant.
J. Campbell Thompson, for respondent.

MacLEAN, J.   The complaint herein, alleging as to the subject-matter of the controversy only that the defendant bought of the plaintiff books of the agreed price of $104, which sum the defendant promised to pay, and that, although duly demanded, no part of said sum has been paid, did not state the cause of action under the rule, venerable and statutory, called the "statute of frauds," making void a promise or undertaking not in writing for the sale of goods for the price of $50 or more, where the buyer does not receive part of the goods or their evidences, nor pay any part of the purchase money. Personal Property Law, Laws 1897, p. 510, c. 417, § 21.   A motion for dismissal made on this ground at the outset of the trial was denied indulgently, and the plaintiff was given an opportunity to prove the case, if he had one, which he had not.   The evidence showing that, even when told to deliver the goods and get his money, he with objurgation refused to follow the common course, may indicate the motive of the defendant for relying upon the law which, with or without motive, he, having pleaded the statute, had a right to do, whatever the criticism of counsel.   The judgment should be reversed.

Judgment reversed, with costs to defendant (appellant).

GILDERSLEEVE, P. J., and SEABURY, J. (concurring).   The defendant having pleaded the statute of frauds, and the evidence in the case showing that the agreed price of the merchandise, to recover for which this action was brought, was more than the sum of $50, and the agreement to purchase having been oral, and no portion of the purchase price paid or any part of the goods delivered, the plaintiff failed to sustain his cause of action, and the judgment must be reversed.